[No. 20548. In Bank. — August 27, 1889.]

# Ex parte CLARA A. CHAMBERS, on Habeas Corpus.

Adoption — Orphan Asylum — Jurisdiction of Superior Court. — An orphan child who has for the period of one year been supported wholly at the expense of an orphan asylum cannot be legally adopted by a husband and wife by decree of a superior court, without the consent of the managers of the orphan asylum, given in the same manner that parents are authorized to consent to the adoption of their children, as provided by the act of April 1, 1878. That act does not repeal or amend any part of the Civil Code, but provides for the adoption of a class of minor children not provided for by the code. The power to adopt minor children is a creation of the statute, and the mode prescribed by statute is the measure of the power and jurisdiction of the court to decree an adoption.

Application to the Supreme Court for the transfer of the custody of an orphan child, upon writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Grove L. Johnson*, for Petitioner.

The common law made no provision for adoption. The proceeding is statutory and special, and consent is a jurisdictional fact. (*Furgeson* v. *Jones*, 17 Or. 204; *Power* v. *Hafley*, 85 Ky. 671; *Ross* v. *Ross*, 129 Mass. 262; *Abney* v. *De Loach*, 84 Ala. 393.)

The Court.—The writ in this case was sued out by a manager and director of the Protestant Orphan Asylum of Sacramento, a corporation duly organized under the laws of this state, and as such entitled to the care, custody, control, and management of orphans and abandoned children, and receives state aid for the support and maintenance of orphans under its care. Clara A. Chambers, in whose behalf the writ was sued out, is an orphan of the age of three years and six months, who for more than two years was under the exclusive care, custody, control, and management of said asylum, and supported entirely by said asylum.

The way in which respondents acquired the custody of said Clara sufficiently appears in the following extract from their return to said writ:—

" Respondents further show to this honorable court that they are husband and wife, and now do and for more than two years have resided in the state of California; that they have no children; that being desirous to adopt a child, the respondent, Mrs. Bucklin, applied to Mrs. Sarah A. Clayton, and from her received a letter to the matron of said orphan asylum. The result was, that she visited the asylum, saw Clara A. Chambers, and by permission of the matron took the child home with her, with a view of adopting her; that she took the child from the asylum on the 4th of January of the present year, and from thence hitherto she has remained, and now does remain, with her in her family; that a few days before the first Tuesday in March of the present year, the president of said asylum (who is now Mrs. Rideout) and one of the managers visited the respondent, Mrs. Bucklin, and requested her to report to the board of managers of said asylum at their next meeting, to be held on the first Tuesday in March, 1889, if she and her said husband elected to adopt said child; that she did so report at said meeting, and did inform them that she and her husband had concluded to adopt said child in pursuance of the provisions of the Civil Code of this state, and thereupon she was notified by the president, Mrs. Rideout, that she would inform respondent of the time when she would accompany them to court, and have entered the necessary order authorizing respondents to adopt said child. Subsequently the secretary of the board of managers informed the respondent, Mrs. Bucklin, that the matter of adopting said minor was by the president submitted to her, and that she would go with respondents before Van Fleet, one of the superior judges of said county of Sacramento, and have the necessary order made by said judge permitting these respondents

to adopt said child. That said secretary delayed the matter for some days, and respondents, becoming anxious to have the matter finally consummated, did, on the 19th of March, 1889, take said minor, in company with said Mrs. Sarah E. Clayton, before John W. Armstrong, one of the superior judges of the court of said county, and after fully explaining the history of said child, their and Mrs. Clayton's relation to it, to said judge, were informed by him that no notice to or consent from, the managers of said asylum was necessary, and such proceedings were had that the agreement required by law was executed, and an order was duly made and entered of record declaring that said Clara A. Chambers should thenceforth be regarded and treated in all respects as the child of said Walter M. and Ida B. Bucklin, a copy of which agreement and order is hereto attached, marked "Exhibit A," and made a part of this return. That upon the hearing of said matter the court found as a fact that the respondents were fit and proper persons to have the care, custody, and control of said child, and that the welfare of the child would be promoted by being adopted by these respondents; that the managers of said orphan asylum have never questioned or disputed the fact that these respondents were fit and proper persons to have the care of said child, nor that its welfare would be promoted by being adopted by them."

It does not appear, and is not claimed by respondents, that the act of April 1, 1878, entitled "An act to authorize the managers of orphan asylums to give their consent to the adoption of certain children under their care," was complied with. That reads as follows:—

"Sec. 1. The managers of the several orphan asylums in this state are hereby authorized and empowered to consent to the adoption of any orphan child, or child abandoned by its parents, in the same manner that parents are by law authorized to consent to the adoption of

their children; *provided, however,* that such orphan child, or child abandoned by its parents, shall have been in the charge and under the management of the managers of such orphan asylum for the period of one year prior to such adoption, and during that period supported wholly at the expense of said asylum.

"SEC. 2. This act shall take effect from the date of its passage."

The principal contention of respondent's counsel is, that this act does not repeal the provisions of chapter 2 of title 2 of the Civil Code, entitled "Adoption," and therefore said chapter is in force, and when complied with makes their adoption of this minor child legal. That the act of 1878 does not repeal any part of the Civil Code is, we think, apparent. Nor is it amendatory of the Civil Code. It provides, in our opinion, for the adoption of a class of minor children, viz., those in orphan asylums, whose adoption is not provided for in the Civil Code. In no sense are its provisions repugnant to those of the Civil Code. The power to adopt minor children is a creation of the statute which was unknown to the common law, and the mode must be held to be the measure of the power. It is therefore clear that there was no adoption in this case, and the orphan child, Clara A. Chambers, must be returned to the custody of the orphan asylum from which she was taken by the respondents.

We will suggest, however, that if, as seems to be conceded, the only objection to her remaining with the respondents is their failure to adopt her according to law, that the objection be obviated by proceeding at once to have her adopted in the mode prescribed by the statute.

Ordered that said Clara A. Chambers be returned to the custody of the Protestant Orphan Asylum of Sacramento.