[L. A. No. 4377. In Bank.—July 25, 1916.]

## In the Matter of the Estate of GERTRUDE C. PUSEY, Deceased.

HUSBAND AND WIFE—MARRIAGE—PRESUMPTION OF LEGALITY—BURDEN OF PROOF TO SHOW ILLEGALITY.—On a contest to the probate of the will of a testatrix by one claiming to be her surviving husband, based on the ground that the will was executed subsequent to their marriage and was thereby revoked, the marriage being shown in evidence the law raises a strong presumption of its legality, and the burden of proof is on the proponent of the will to show that the marriage is illegal and void.

ID.—PREVIOUS MARRIAGE OF HUSBAND—ABSENCE OF EVIDENCE THAT FORMER WIFE WAS ALIVE AT DATE OF SUBSEQUENT MARRIAGE.— The illegality of such marriage of the testatrix is not established by evidence merely showing a previous marriage of the man to another woman, and the invalidity of the decree purporting to divorce him therefrom, there being no evidence tending to show whether or not such woman was alive at the date of the marriage to the testatrix.

APPEALS from an order of the Superior Court of Orange County denying an application for letters of administration on the estate of a deceased person, from a judgment admitting a will to probate, and from an order denying a motion for a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

C. D. Latourette, and Williams & Rutan, for Appellants.

Steele Finley, E. J. Fleming, and B. F. Woodard, for Respondent.

MELVIN, J.—Henry F. Pusey, who asserts that he is the surviving husband of Gertrude C. Pusey, deceased, nominated M. M. Crookshank as administrator of her estate, which consists of property, real and personal, in Orange County. His nominee applied for letters of administration. The application was denied on the ground that Henry F. Pusey was not the surviving husband of Gertrude C. Pusey and that she did not die intestate. A will executed by her prior to her alleged marriage to Pusey was offered for probate by S. H. Finley. This alleged will was contested by Pusey on the ground that the testatrix was his wife, and that the instrument having been executed prior to the marriage was revoked thereby under the law as declared by section 1300 of the Civil Code. The will was upheld on the ground that two purported divorces apparently granted in the state of Oregon, each seemingly releasing Pusey from the bonds of matrimony, were void, and that he had never been legally married to the decedent. Both matters were heard together. M. M. Crookshank appeals from the order denying his application for letters of administration, and Henry F. Pusey prosecutes appeals from the judgment sustaining the will and from an order denying his motion for a new trial.

It is not disputed that a ceremony of marriage between Henry F. Pusey and Gertrude C. Finley was performed by a minister of the gospel at Berkeley, California, on the fifteenth day of June, 1914, after a license in due form had been issued by the county clerk of Alameda County; that the parties to the alleged marriage immediately went to Oregon City, Oregon, where Mr. Pusey was engaged in business; and that they there lived together as husband and wife until the time of Mrs. Pusey's death, which occurred on October 1, 1914. The deceased left no issue, but is survived by brothers and sisters who reside in this state.

The proponent of the will offered in evidence the judgment-rolls and some other papers in two cases, tried in the circuit court of the county of Clackamas, state of Oregon, and entitled respectively, "Henry Franklin Pusey v. Julia Pusey," and "Kittie E. Pusey v. F. H. Pusey." The judgment in the first case was rendered on November 13, 1893, and in the second suit the decree was given on May 7, 1907. At the time of the hearing herein more than twenty years had elapsed since the rendering of the first decree of divorce and more than seven years had followed that in the second action. Respondent produced no evidence tending to show whether or not Julia Pusey or Kittie E. Pusey was alive at the date of the marriage of Henry Franklin Pusey to Gertrude C. Finley. It was therefore error on the part of the probate court to find that the said marriage was invalid, no matter whether or not the purported divorces granted in Oregon were or either of them was void for any technical reasons, because it is well settled in this state that when a marriage has been shown in evidence the law raises a strong presumption of its legality, casting the burden of proof upon the person attacking it and requiring him to show that it is illegal and void. This burden was not met in the matters at bar.

This subject has been so recently and so thoroughly discussed in the opinion of this court written by Mr. Chief Justice Angellotti, in the case of *Wilcox* v. *Wilcox*, 171 Cal. 770, [155 Pac. 95], that we need not devote any further space to it. That case and the authorities cited in the opinion furnish complete support to the conclusion which we have reached in relation to the appeals now before us.

The judgment and the two orders from which these appeals are prosecuted are reversed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.