[Crim. No. 1794. Second Appellate District, Division One.—May 14, 1929.]

In the Matter of the Application of EARL D. MORGAN for a Writ of Habeas Corpus.

Medler & Wood for Petitioner.

J. W. Barbee for Respondent.

CONREY, J.—The petition herein on behalf of the applicant for writ was verified by an affidavit of E. L. Medler, one of the applicant's attorneys. In the affidavit Mr. Medler stated that his verification was upon information and belief, and was based upon statements made to him by Mr. Morgan, the applicant in whose behalf the petition was filed. This court, somewhat inadvertently, disregarded the defects in the affidavit, and assumed that the statements contained in the petition were regularly verified.

It was stated in the petition that the applicant was committed to jail for contempt of court in that he failed to pay certain alimony, attorney's fees and court costs which he had been required to pay, pursuant to an order made after a hearing before the court on an order to show cause in a divorce action. It was stated in the petition that at the time of the making of said order of the superior court of Los Angeles County the applicant, Earl D. Morgan, defendant in said action, was not the lawful husband of the plaintiff, Effie L. Morgan; that in fact the said Effie L. Morgan at the time of her alleged marriage with Earl D. Morgan was the wife of another man from whom she did not yet have a divorce; that in response to the order to show cause, the defendant appeared in person and with

his counsel, and offered to prove the facts last above stated, which offer was denied by the court; and that the alimony order was made without receiving any evidence concerning said alleged facts on which the denial of the marriage relation between said parties was based. It was alleged that after the making of said order, the defendant moved the court to set aside said order for the payment of alimony, etc., basing the motion upon the ground that it appeared from the allegations of the pleadings then on file that no valid marriage had ever existed between said Earl D. Morgan and the said Effie L. Morgan; that the court was without jurisdiction to make said order without hearing the testimony and proof as to the validity of said marriage, and that the order for alimony payment was unconstitutional in that it was a confiscation of property without due process of law; that said motion was denied without permitting defendant to offer evidence in support thereof.

The attorney who verified the petition herein was not the attorney for the defendant in the divorce action at the time of the first proceedings above mentioned. It now appears by uncontradicted evidence that at the hearing on the order to show cause in the superior court, the defendant did not make any offer to produce any evidence concerning the facts, which in his petition herein he alleges that he offered and alleges that the court refused to receive; that the only questions presented to the court were those concerning the support and maintenance of the plaintiff and her minor children, and those concerning the request of the defendant that the temporary care, custody and control of said children be assigned to him. The applicant's petition admits that he was personally in court at the time of the proceedings to which we have referred. The inference is unavoidable that he misrepresented to his attorney some of the essential facts contained in the petition for the writ, and which led us to order that the writ be issued.

The writ is discharged and the said Earl D. Morgan is remanded to custody.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 24, 1929, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is dismissed. ▇ Except as may be allowed under the provisions of section 1506 of the Penal Code, there is no right to a rehearing on *habeas corpus*. (See minute order of Supreme Court, *Re Burke* (Crim. 2534), dated February 8, 1923.)