[Crim. No. 1932.   Second Appellate District, Division Two.—June 20, 1930.]

In the Matter of the Application of EARL D. MORGAN for a Writ of Habeas Corpus.

Medlar & Wood for Petitioner.

J. W. Barbee for Respondent.

GATES, J., *pro tem.*—Petitioner having formerly applied for a writ, which was denied, the facts are there stated (98 Cal. App. 745 [277 Pac. 740]). The question is, Was petitioner guilty of a contempt of court for having failed and refused to pay alimony pursuant to an order based upon conflicting evidence as to the validity of the marriage of the parties?

The plaintiff in the divorce action alleged that she was petitioner's lawful wife, whereas he averred that their marriage was illegal and void for the reason that the wife at the time had a husband living from whom she had not been divorced. Authorities are cited and quoted to the effect that an asserted prior marriage, and the illegality of the marriage of the parties litigant, cast the burden upon the party urging them of so showing.

■ It is well established that a marriage may be established by the testimony of one of the parties thereto. (*Budd* v. *Morgan*, 187 Cal. 741 [203 Pac. 754]; *In re Richards*, 133 Cal. 524 [65 Pac. 1034]; 38 C. J. 1335.) The burden of proving a marriage rests on the party who asserts it. (38 C. J. 1321.) ■ This obligation was satisfactorily met when the plaintiff in the divorce action proved by her own testimony that she married petitioner. It then became incumbent upon the latter to show that his marriage to Mrs. Morgan was invalid. ■ It is well settled that if a second marriage is attacked upon the ground of a prior existing union between one of the spouses and a third person, the burden of proving the prior mar-

riage rests on the party asserting it. (*Wilcox* v. *Wilcox*, 171 Cal. 770 [115 Pac. 95]; *Perry's Estate*, 58 Cal. App. 420 [208 Pac. 987].) In *Hunter* v. *Hunter*, 111 Cal. 261, 267 [52 Am. St. Rep. 180, 31 L. R. A. 411, 43 Pac. 756], our Supreme Court said: "There is also a presumption, and a very strong one, in favor of the legality of a marriage regularly solemnized. Rather than hold a second marriage invalid and that the parties committed a crime or have been guilty of immorality, the courts have often indulged in the presumption of death in less than seven years, or where the absent party was shown to be alive, have allowed a presumption that the absent party has procured a divorce. A more correct statement perhaps would be that the burden is cast upon the party asserting guilt or immorality to prove the negative—that the first marriage had not ended before the second marriage." In the rather recent case of *Kelsey* v. *Miller*, 203 Cal. 61 [263 Pac. 200, 212], the court used these words: "The mere proof of a prior marriage and the continued life of both spouses is not sufficient to make a case against a *second ceremonial marriage*. There must be a further showing that the first marriage had not been set aside by judicial decree. There is a very strong presumption in favor of the legality of a marriage regularly solemnized." Petitioner herein concedes that there was a marriage ceremony of himself and Effie Morgan, but contends that the attempted marriage was invalid. ■ Where a marriage in fact was established, as in the instant case, it is presumed to be regular and valid. (*In re Hughson*, 173 Cal. 448 [160 Pac. 548]; *In re Pusey*, 173 Cal. 141 [159 Pac. 433]; *Wilcox* v. *Wilcox, supra; In re Perry, supra*.) The duty of proving the contrary rests on the party who attacks it. (*In re Hughson, supra; In re Pusey, supra; Wilcox* v. *Wilcox, supra; In re Perry, supra; Everett* v. *Standard Acc. Ins. Co.*, 45 Cal. App. 332 [187 Pac. 996].) And it has been held that this is so even though it requires proving a negative. (*Hunter* v. *Hunter, supra*.)

■ It is clear, therefore, that at the time of the hearing on the alimony order, and after the plaintiff, Mrs. Morgan, had proved her marriage to petitioner herein, the burden was shifted to the latter to establish the fact that his marriage to her was invalid by reason of a prior existing

marriage undissolved by decree of divorce or otherwise. The record conclusively shows that he offered no evidence in the matter, as well as that neither Mrs. Morgan nor anyone else gave evidence concerning a prior marriage. This burden he did not meet, and he therefore cannot at this time complain of the order made by the court. We conclude from the record that there was satisfactory proof of the marriage of Effie Morgan to this petitioner. The trial court found upon such issue. It had jurisdiction of the parties and possessed the power to make the order which was granted.

█ Petitioner further contends that his application to vacate the alimony order should have been granted. The court heard the evidence and denied the application to vacate, and there was ample evidence to warrant and sustain the action of the court in so doing. If petitioner was dissatisfied with the order granting Mrs. Morgan alimony and counsel fees he should have appealed and had the matter reviewed and a determination made as to whether the court had abused its discretion in the matter. His present attack upon the order is collateral and cannot be properly made in this matter. (*Ex parte Joutsen*, 154 Cal. 540, 543 [98 Pac. 391].)

Writ discharged. Petitioner remanded.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.