[Civ. No. 10540. First Appellate District, Division Two.—September 3, 1937.]

VIRGINIA HAMBURGH et al., Respondents, v. MICHAEL HYS et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

James R. Agee and Minett F. Hallmark for Respondents.

SPENCE, Acting P. J.—Plaintiffs sued as husband and wife to recover damages for personal injuries to plaintiff Virginia Hamburgh and for injuries to their automobile.

They recovered a joint judgment in the sum of $2,500 and from said judgment defendants appeal.

The sole contention made by appellants is that ''The joint judgment in favor of plaintiffs is contrary to law and without support in the evidence for the reason that the evidence established that plaintiffs were not husband and wife.'' We find no merit in this contention.

The marriage license and marriage certificate were introduced in evidence together with oral testimony showing that respondents had been married by a minister in Hollister on May 9, 1936. It also appeared that said parties had thereafter deported themselves as husband and wife. The foregoing evidence gave rise to a presumption that said parties had entered into a lawful contract of marriage (Code Civ. Proc., sec. 1963, subds. 1, 30), and the burden was then cast upon appellants to show the invalidity of such marriage. (*Marsh* v. *Marsh*, 79 Cal. App. 560 [250 Pac. 411].)

The only evidence relied upon by appellants for the purpose of showing such invalidity was brought out upon the cross-examination of respondent Virginia Hamburgh. While she testified on such cross-examination that she had been divorced from George Albert, her former husband, defendants introduced the record in a certain divorce proceeding instituted by said respondent, and it appeared therefrom that no decree of divorce had been obtained in said proceeding. Appellants claim that the record here shows that no divorce had been obtained either in that proceeding or any other proceeding instituted by said respondent or her former husband. Assuming, without deciding, that the record so shows, such evidence alone was insufficient to meet the burden cast upon appellants. We find no evidence in the record showing that the former marriage had not been annulled or that the former husband had not died prior to the marriage of said respondents. In the absence of such evidence, the presumption in favor of the validity of the marriage of respondents was not overcome and appellants' claim ''that the evidence established that plaintiffs were not husband and wife'' may not be sustained. (*Estate of Pusey*, 173 Cal. 141 [159 Pac. 433]; *Estate of Hughson*, 173 Cal. 448 [160 Pac. 548]; *Wilcox* v. *Wilcox*, 171 Cal. 770 [155 Pac. 95]; *Hunter* v. *Hunter*, 111 Cal. 261 [43 Pac. 607, 52 Am. St. Rep. 167]; *Immel* v. *Dowd*, 6 Cal. App. (2d) 145 [44 Pac. (2d) 373]; *Luckett* v. *La Tour*, 122 Cal. App. 271 [9 Pac. (2d) 886];

*Marsh* v. *Marsh, supra;* see, also, 18 R. C. L., p. 416 et seq., and notes in 77 A. L. R. 729 and 34 A. L. R. 464.)

The judgment is affirmed.

Sturtevant, J., and Johnson, J., *pro tem.*, concurred.