[Civ. No. 14714. First Dist., Div. Two. Nov. 1, 1951.]

Adoption of D.S., a Minor. DEPARTMENT OF SOCIAL WELFARE, Appellant, v. GUIDO CAROLLO et al., Respondents.

Edmund G. Brown, Attorney General, Clarence A. Linn and B. Abbott Goldberg, Deputy Attorneys General, for Appellant.

Hoffman & Erickson and Robert V. Winkler for Respondents.

DOOLING, J.—Appeal by the State Department of Social Welfare from an order of adoption declaring Guido and Clara Carollo the adoptive parents of D.S.

Guido and Clara Carollo petitioned on May 19, 1948, to be allowed to adopt the minor child, D.S., who was at that time a little more than 3 years of age. The child was illegitimate, and had been left with petitioners when he was approximately 10 months old.

The natural mother consented to the adoption but later withdrew the consent upon being advised by the Department of Social Welfare that they had recommended denial of the adoption. However, inasmuch as the child was declared abandoned on April 11, 1950, the first day of the hearing, the mother's consent to the adoption was not required. (Civ. Code, § 224(1).)

After withdrawal of the mother's consent, the child was declared a ward of the juvenile court and removed from the custody of the petitioners by the juvenile probation officer.

Petitioners thereupon instituted guardianship proceedings which were consolidated with the adoption proceedings for

trial. Upon the granting of the adoption, the guardianship proceedings were dismissed.

The Department of Social Welfare opposed the granting of the adoption in the hearing below in the role of "objector." Upon the adoption being allowed, it prosecutes this appeal.

Appellant argues that the order of adoption cannot stand unless the court finds that the Department of Social Welfare has abused its discretion in recommending against the adoption, asserting that this proceeding is "analogous to mandamus to determine whether the agency has abused its discretion."

■ While section 226 Civil Code uses the language "the county clerk upon receipt of the report of the State Department of Social Welfare . . . shall immediately refer it to the superior court for review," and speaks of an "appeal" to the superior court from the department's refusal to give its consent to the adoption, the last sentence of the section makes it clear that the court exercises its independent judgment in the matter. It reads, so far as here material: "After the filing of said findings (of the Department of Social Welfare), the court may . . . if the appeal be from the refusal of said department . . . to consent thereto, *grant the petition* without such consent." (Italics ours.) The italicized language furnishes the complete answer to this argument of appellant.

Originally the appellant's objection to the adoption was on two grounds: One—that the petitioners' marriage had not been established, and Two—that no medical reports on the child and the petitioners had been submitted. Subsequently the respondents were married pursuant to section 79 Civil Code and the requisite medical reports were submitted. Thereafter a supplemental report was filed reiterating the Department's objection to the adoption.

In the meantime the respondents had been denied a foster home license chiefly on the ground that their home was not clean, and in the guardianship proceeding a probation officer had filed a report recommending that the guardianship be denied.

The evidence showed that respondent Mrs. Carollo had been divorced from a previous husband by a Mexican decree in 1938. She and Mr. Carollo testified that they were married in Mexico in 1939 but the record of this marriage was not produced. Mrs. Carollo testified that her previous husband had remarried. Appellant attacks the finding that respond-

ents are husband and wife, asserting the invalidity of the Mexican divorce. ██ The burden of proof in attacking a second marriage is on the attacker, and the second marriage has a strong presumption of legality. (*In re Pusey,* 173 Cal. 141 [159 P. 433] ; *Estate of Newman,* 34 Cal.App.2d 706 [94 P.2d 356].) ██ The illegality of a marriage is not established by evidence merely showing a previous marriage of one of the parties and an invalid decree of divorce. (*In re Pusey, supra; Hamburgh* v. *Hys,* 22 Cal.App.2d 508 [71 P.2d 301].)

██ ██ Furthermore, under familiar rules Mrs. Carollo and her former husband are both estopped to question the validity of their divorce, this estoppel now extends to Mr. Carollo who adopted the child in reliance upon his marriage to Mrs. Carollo and representing himself as her husband, and these estoppels are binding on their heirs. (*Estate of Smith,* 86 Cal.App.2d 456, 470 [195 P.2d 842] ; *Estate of Grazzini,* 31 Cal.App.2d 168, 172 [87 P.2d 713] ; *Estate of Davis,* 38 Cal.App.2d 579 [101 P.2d 761, 102 P.2d 545].) The case of *In re Johnson's Estate,* 301 N.Y. 13 [92 N.E.2d 44] relied upon by appellant as casting doubt on *Estate of Davis, supra,* has since been reversed by the United States Supreme Court. (*Johnson* v. *Muelberger,* 340 U.S. 581 [71 S.Ct. 474, 95 L.Ed. 552].)

We are satisfied that the evidence is sufficient to support the trial court's determination that the adopting parents are husband and wife.

██ The court had conflicting testimony before it as to the character of the home and the parties. Because of the objections to the physical character of the home the court continued the hearing for 60 days to allow respondents to acquire another home, which they did. The evidence was sufficient to support the court's finding that the best interests of the child would be promoted by the adoption, the record in this respect showing a conflict of evidence which it was the province of the trial judge to resolve.

Appellant's complaint that the report of the probation officer in the guardianship proceeding was excluded from evidence is not well taken since the minutes included in the clerk's transcript show that at the second hearing this report was placed in evidence on the court's own motion.

Order affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 20, 1951.