[Civ. No. 21638.   Second Dist., Div. Two.   July 18, 1956.]

VIVIENNE L. DOUGAL, Respondent, v. H. EDWARD DOUGAL, Appellant.

Monta W. Shirley for Appellant.

Grudd & Grossman for Respondent.

MOORE, P. J.—The primary question for decision is whether it is just and proper to require the defendant to reimburse plaintiff for sums voluntarily paid by her for orthodontic and dental care of the two sons of the parties.

An interlocutory decree of divorce was entered in favor of plaintiff Vivienne, September 27, 1951. She was awarded custody of the children, defendant to pay $100 monthly for their joint support. Also, he was ordered to pay $1,298.90 due and owing to Mrs. Rogers, plaintiff's mother, and other debts, and to name the two children as beneficiaries of a Prudential Life Insurance policy; to pay plaintiff her interest in the community property in the sum of $2,080 and to pay plaintiff's counsel $160.

In March 1952 plaintiff obtained an order for defendant to show cause *in re* modification of the interlocutory decree and she then averred that the "Plaintiff, as well as the minor children . . . is in need of dental and medical services, and your Plaintiff is not financially able to pay the same." She declared also that the sum of $1,298.90 had not been paid to Mrs. Rogers, and that $100 per month was not sufficient for the support of the boys. Such order to show cause was abandoned and on motion of defendant it was dismissed.

In April 1955 plaintiff caused a writ of execution to be issued. It was levied upon defendant's bank account to collect the delinquent sum of $626.55. A hearing followed whereupon plaintiff was permitted to take $250 on account of defendant's delinquency as to child support, the balance of $238 to be payable in $25 monthly installments.

May 11, 1955, plaintiff undertook again to effect a modification of the interlocutory decree and obtained an order to show cause. In her affidavit she averred that "the minor children . . . are in need of dental and medical services, and plaintiff is not financially able to pay same"; that defendant has not paid Mrs. Rogers the $1,298.90; that $100 monthly is insufficient for the support of the children, due to the increase of living costs. She demanded (1) increase of allowance to $100 monthly each for the boys' support; (2) an itemized report of the money received for the home place; (3) the balance due her on the interlocutory decree; and (4) that "defendant be ordered to pay all medical and dental bills which have been incurred by plaintiff for medical and dental treatment furnished or to be furnished to the children of the parties hereto."

She averred that from 1951 to the date of her last petition

*she had paid a total of $1070.12 for dental and orthodontic treatments* for the children.

Thereafter, July 13, 1955, defendant procured an order to show cause *re* modification with reference to custody. He averred that: (1) he had remarried; (2) he resides with his wife and her two minor children in a three bedroom house; (3) his son Roger Jeffrey, 14 years of age, wishes to live with defendant and wife and had said so; (4) defendant and wife desire Roger Jeffrey to live with them; he prays that the custody of Roger be awarded to him.

At the joint hearing of both orders to show cause July 20, 1955, the trial judge interviewed the two boys; made no report or specific finding as to the wishes of Roger, but after hearing both parties testify made its order on August 5, 1955, as follows:

"OSC's re modification, heretofore submitted July 27, 1955:

"Defendant's OSC re modification denied. Plaintiff's OSC granted in part. The judgment is ordered modified to order the defendant to pay all reasonable medical and dental bills for the minor children, including the sums all ready [sic] expended by the plaintiff in the sum of $1070.12. The plaintiff is ordered to take the minor child, Jeffrey, to an endicrinologist [sic] and the defendant is ordered to pay the bills for the diagnosis and treatment of any glandular disorder that may exist. The back medical bills are to be paid to the plaintiff by the defendant at the rate of $80.00 per month, commencing September 1, 1955 and continuing until the full amount is paid. It is further ordered that the defendant pay the sum of $200.00 additional attorney's fees direct to the attorney for the plaintiff, payable $20.00 per month commencing September 1, 1955 and continuing until the full amount has been paid."

Defendant's motion was denied in its entirety and in behalf of his appeal he contends that it was an abuse of discretion for the court to deny his request to have Roger Jeffrey live with him and his wife for two reasons, to wit: (1) Roger is 14 years of age and by reason of the divorce of the parents entitled to choose the parent with whom he is to live; (2) respondent is living in an illicit relationship with another man.

In support of his claim that Roger Jeffrey has the right to choose his place of abode, appellant cites Probate Code, section 1406, and *Ludlow* v. *Ludlow,* 89 Cal.App.2d 610 [201

P.2d 579]. The cited case fully recognizes the doctrine that in determining the custody of minor children, the primary consideration is the welfare of the minors. At page 617 the court discusses section 1406, *supra*, which relates to appointment of a guardian of a minor; but there is no question of guardianship before us and the cited case and statute are not controlling here. ■ Not only is there no testimony of Roger that he preferred to reside in the home of his father, but pursuant to appellant's request, the court conferred alone with the boys and thereafter denied appellant's motion. It is presumed that the court did its duty in conferring with Roger, in subsequently denying appellant's motion and in deciding for the best interests of the son.

The second basis of his objection to respondent as custodian of Roger is that she is not legally married to her new husband. The facts are that while the final decree had not wholly dissolved respondent's marriage to appellant when she embarked in her new venture, she had apparently done her best to qualify for a second marriage. She first contracted with her new husband and celebrated a ceremonial marriage in Mexico. She thereby evidenced no abandonment of the moral code, but sought to conform with its precepts. Her judgment was not good but she believed and people around her believed she was married. Thereafter, she evidently acquired new knowledge of the law and tried to comply. Four years after her interlocutory, she was again married to her second husband in the State of Nevada. She had, again, neglected to have her final decree entered, but she and her new husband believed they had contracted a valid marriage. Because she had misjudged the force and effect of her interlocutory decree, she is not to be condemned as a bad woman. Such censure is not wholly deserved. Erroneous action too frequently occurs due to the ubiquitous advisors who talk before seeking the correct advice. By reason of respondent's contracting a marriage, solemnizing it after forms of law and thereafter living with her man as his wife, they were presumed to have been married. (*Hamburgh* v. *Hys*, 22 Cal.App.2d 508 [71 P.2d 301].)

■ But, turning now to those parts of the order requiring affirmative action by appellant, it appears that the obligation imposed upon appellant to pay the cost of a diagnosis of Roger Jeffrey by an endocrinologist and for the necessary treatments "of any glandular disorder that may exist" is a reasonable order. The very health and normal growth and development of the child may depend wholly upon the mainte-

nance of the proper relationship of the glands of his body. A neglect of their care and treatment could prove fatal. There was no abuse of discretion in the making of such order.

Also, the order for appellant to pay a reasonable fee for the service of respondent's counsel is in accordance with the statute (Civ. Code, § 137) and with the customary practice in such cases. ■ Two hundred dollars is a fair charge for an attorney's services in obtaining the order of August 5, 1955, *supra*. The payment of $200 in monthly installments of $20 each is a fair disposition of respondent's claim for his services in presenting her motion and for opposing appellant's motion for a modification of the interlocutory decree.

That part of the order alluded to above requiring "defendant to pay all reasonable medical and dental bills for the minor children, including the sums *all ready* [sic] *expended by the plaintiff,* in the sum of $1070.12" is erroneous. ■ There is no statutory authority for requiring a husband to pay bills that have already been paid by the wife for the care of their minor children, except by way of enforcing an order previously made but ignored by the husband. Except as specified in a court order, the father is not liable to the mother, and an action against him cannot be maintained by her for the support of his children after a decree of divorce and custody has been awarded to the mother. The jurisdiction the court retains is to modify its judgment with reference to the custody and education of the minor children, or to make a new order with reference thereto. ■ But such jurisdiction "is not for the purpose of reimbursing her for any expenditures she may have voluntarily made in that behalf." Such jurisdiction is to provide for such expenditures "as may be subsequently incurred by reason of the direction that may be given regarding such care and education." (*Dimon* v. *Dimon,* 40 Cal.2d 516, 524 [254 P.2d 528].) The trial court in 1951 considered the demands of respondent for medical and dental treatments for the children and presumably included in its award of monthly child support an amount sufficient for medical and dental care. It thus appears that the demand for payment of such orthodontic and dental treatments was adjudicated by the original order pendente lite, and was therefore illegally adjudged by the court on August 5, 1955.

While the evidence shows that appellant's earning power was increasing during 1955, he has not yet gained such headway as to require of him such a demonstration of chivalry as

would operate a substantial injustice. He stands squarely upon his legal rights and this decision is an attempt to declare them as to the issues presented and nothing more.

It is therefore ordered that the order of August 5, 1955, is reversed; that it be and is stricken and, in lieu thereof, the following be entered, to wit:

The orders to show cause *re* modification of the interlocutory decree having duly come on for hearing and witnesses on behalf of the parties having been sworn, and having testified and argument of counsel having been made, it is ordered:

That the transfer of the custody of Roger Jeffrey to appellant is hereby denied;

That plaintiff shall conduct the son Roger Jeffrey to an endocrinologist for diagnosis and treatments and defendant is ordered to pay reasonable bills thereby incurred for the treatment of such glandular disorder as may exist;

That defendant pay the sum of $200 to plaintiff's counsel for their services in preparing and presenting plaintiff's cause; $100 payable forthwith, the balance in monthly installments of $20 each commencing September 1, 1956.

Plaintiff shall have no other or further relief than that herein specified.

Fox, J., and Ashburn, J., concurred.