ALLEN, Judge.
The appellant appeals a final decree of adoption from the Circuit Court of Hills-borough County. The petitioner-appellees brought a petition for the adoption of one Baby Boy Byrd after having cared for him as foster parents since November 25, 1964, the date of his birth. Baby Boy Byrd had been permanently committed to the care of appellant for subsequent adoption by order of the Juvenile and Domestic Relations Court of Hillsborough County, Florida, pursuant to Florida law.
The petitioner-appellees, as foster parents, signed an agreement with the respondent-appellant. This agreement contained a clause stating that, “no action for adoption or guardianship may be taken.”
The petitioners cared for Baby Boy Byrd continuously until October 12, 1966, when custody was surrendered to the respondent under conditions set forth in the final decree of the trial court. The respondent did not give its consent to the adoption of Baby Boy Byrd by the petitioners.
The respondent has presented several points on appeal. We feel that the appeal centers around two main questions.
1. Does the agreement signed by petitioners, which contained the clause, “No action for adoption or guardianship may be *453 taken,” bar them from seeking the adoption of a child?
2. Does the lack of consent by the respondent to the adoption preclude the trial court from granting the petition for adoption?
To both of these questions we must answer in the negative. In the final decree granting the petition for adoption, the court below has stated:
“1. That it has jurisdiction of the subject matter of these proceedings and of the Petitioners, the Department and the child sought to be adopted. ■
“2. That under the present adoption laws of the State of Florida, the fact that the child sought to be adopted was previously permanently committed to the custody of the Department by Order of said Juvenile Court, does not require the consent of the Department as a prerequisite to the entry of a judgment of the Court permitting Petitioners to adopt said child. This Court is of the opinion that this is a fact to be considered and it has been seriously considered by this Court. It is the opinion of this Court that the Department is in no stronger position than a natural parent who is resisting an adoption, and in fact should not be in an equivalent position because it is assumed that it is the aim and purpose of the Department to seek the adoption of such children. It is the further opinion of this Court that if the consent of the Department is to be a prerequisite to such an adoption, the Legislature should amend the existing adoption laws to provide this.
“3. For the same reasons set forth in the preceding paragraph, it is the opinion of this Court that the provisions of the Placement Agreement signed by the Petitioners do not oust this Court of jurisdiction of this proceeding nor preclude the Court from permitting the Petitioners to adopt the child. Again, the Court is of the opinion that the provisions of the Agreement are entitled to serious consideration, and such consideration has been given.
“4. That the contentions of the Department with regard to the effect of the permanent committment and of the Placement Agreement have been set forth in this Judgment with some detail so that there be no doubt that such contentions have been seriously argued by the Department and carefully considered by the Court.
“5. That the evidence of the Department as to the availability, as of the time of the filing of the Petition herein, of other persons as prospective adoptive parents should not now be a factor in the determination made by this Court. In any adoption proceeding there can always be the possibility of the existence of other persons who might prove to be better parents. Age and financial condition of other persons must be compared against the evidence of the love, care and attention given this child by the Petitioners over a period of about two years.
“6. That the Petitioners, despite their age, are, in the opinion of this Court based upon the evidence in this cause, well suited to become the adopting parents of the child, and the child is suitable to be adopted by the Petitioners and that the best interests of the child will be served by permitting such adoption.
“7. That the paramount issue before this Court is the best interests of the child sought to be adopted. From the evidence produced before this Court, it appears without question that the Petitioners were devoted to this child during the entire time they had custody of him; that they afforded him as much care and attention as could have been expected of natural parents and that this care and attention was obviously given, not for the financial return which the Petitioners *454 expected to receive from the Department, but on account of their love for the child; that from the evidence produced before this Court, it appears that it would be contrary to the best interests of this child to deny the petitioners the right to legally adopt him.”
See, Ponce v. Children’s Home Society of Florida, Fla. 1957, 97 So.2d 194; In Re McDonald’s Adoption, 1954, 43 Cal.2d 447, 274 P.2d 860.
The record shows that the court below carefully considered the contentions raised by respondent-appellant and took the best interests of the child, Baby Boy Byrd, as the paramount issue before it. The trial court, after careful consideration, granted the petition for adoption allowing the petitioners to adopt the said minor child.
Finding no error in the record, we affirm the ruling of the lower court granting the petition for adoption of Baby Boy Byrd by the petitioner-appellees.
We find the additional arguments and issues propounded by respondent-appellant to be without merit.
Affirmed.
LILES, C. J., and SHANNON, J., concur.