[S. F. No. 9387. In Bank.—February 15, 1921.]

In the Matter of the Guardianship of the Persons and Estates of LAURA SANTOS et al., Minors. A. J. SANTOS, Appellant, v. J. V. SANTOS et al., Respondents.

[1] ADOPTION—STATUTORY PROCEEDING.—The proceeding of adoption exists in this state only by virtue of the statute which expressly prescribes the conditions under which adoption may be legally effected.

[2] ID.—CONSTRUCTION OF ADOPTION LAWS.—Wherever possible, such a construction should be given adoption laws as will sustain, rather than defeat, the object they have in view.

[3] ID.—CHILD UNDER GUARDIANSHIP—RIGHT OF ADOPTION.—A minor child may be adopted even though he is, at the time of the adoption, in the custody of a guardian.

[4] ID.—CONSENT OF GUARDIAN UNNECESSARY.—The consent of a guardian of a minor is not necessary to the validity of an order of adoption.

[5] ID.—CONSENT TO ADOPTION—RULE.—Where the parents of a minor are not living or for some recognized reason their consent is unnecessary, and where the minor has not been in the custody of any of the institutions mentioned in the statutes, no consent to the adoption is required on behalf of the child, if under twelve years of age, other than that of the court granting the adoption.

[6] ID.—ADOPTION OF MINOR—REVOCATION OF LETTERS OF GUARDIANSHIP.—In view of subdivision 8 of section 253 of the Civil Code, which provides that a guardian may be removed by the superior court when it is no longer proper that the ward should be under guardianship, the adoption of a minor under guardianship constitutes a valid cause for the revocation of the letters as to his person.

[7] ID.—CONTINUANCE OF GUARDIANSHIP OF ESTATE—POWER OF COURT. A court has the power in the exercise of a sound discretion to place the custody of a child under guardianship in the adopting parents and to permit the guardian to continue to act as guardian of the child's estate.

APPEAL from a judgment of the Superior Court of Fresno County revoking letters of guardianship. M. F. McCormick, Judge. Affirmed.

5. Consent of parents as prerequisite to adoption, note, Ann. Cas. 1914A, 221.

The facts are stated in the opinion of the court.

Short & Sutherland, Carl E. Lindsay and Shepard & Shepard for Appellant.

Thomas F. Lopez and C. M. Ozias for Respondents.

LENNON, J.—This appeal is from a judgment of the superior court of Fresno County which revoked, vacated, and set aside letters of guardianship upon the person of Clarence Santos, a minor. The said minor, an infant about three years of age, is the youngest of six children—brothers and sisters—orphaned by the death of their mother and father in the month of December, 1918. By the terms of the last will and testament of the father, who died subsequent to the death of the mother, property of the value of between twenty and thirty thousand dollars was left to the six children, share and share alike, and, in January, 1919, A. J. Santos, a brother of the father, was appointed and qualified both as executor of the will and as guardian of the persons and estates of the six minor children of his deceased brother. Shortly thereafter, J. V. Santos and Maria C. Santos, his wife, who is an aunt of the orphaned children, petitioned for leave to adopt the said Clarence Santos, the minor in controversy. Consent to such adoption was given by certain relatives of the child, but A. J. Santos, the guardian, refused to consent and appeared at the hearing, in person and by counsel, for the purpose of objecting to the making of the order of adoption. The court overruled the guardian's objection and granted the petition for adoption.

Following the entry of the order for adoption, said J. V. and Maria C. Santos, the adopting parents, instituted the present proceeding for the revocation of the letters of guardianship of the said Clarence Santos. After demurrer and answer, testimony was taken from which it appeared that the eldest of the six orphans is fourteen years of age, that A. J. Santos, the guardian, has children of his own living with him in addition to his six wards, and that his wife has left him and the children are being cared for by himself and a hired woman. It further appeared that the petitioners have no children of their own. Among other things, the court found that the moral and physical well-being of the minor Clarence Santos would not be promoted

and subserved by his continuing to reside with the guardian, that it would be for his best interest to reside with petitioners, and that, by reason of the relationship created by the adoption, it was no longer proper that the minor should remain under the guardianship of said A. J. Santos. Accordingly, the order, from which the present appeal is taken, was made, whereby the letters of guardianship of the person of said minor, Clarence Santos, were revoked and A. J. Santos, appellant, was required to surrender the person of said minor to J. V. and Maria C. Santos, respondents.

It is apparent from the record in the instant case that the order revoking appellant's letters of guardianship of the person of the minor was made solely for the reason that it was considered that such guardianship had been rendered unnecessary by respondent's adoption of the infant. It follows, then, that the efficacy of the judgment of removal is contingent upon the validity of the order of adoption, and, if the order of adoption is void, the judgment of removal must necessarily fall, together with the foundation upon which it rests. Consequently the initial question raised upon this appeal is whether or not the court was without jurisdiction to make the order of adoption by reason of the fact that the minor was in the custody of a duly appointed guardian or of the refusal of the guardian to consent to the adoption. If these facts constitute jurisdictional defects in the adoption proceedings, the said proceedings may be collaterally assailed, for the said facts appear upon the face of both the petition and order for adoption. (*Forbes* v. *Hyde*, 31 Cal. 342, 348; *Baldwin* v. *Foster*, 157 Cal. 643, [108 Pac. 714].)

[1] In considering the question of the jurisdiction of the court to make the order of adoption, we must look to the sections of the Civil Code dealing with adoption, for the proceeding of adoption "exists in this state only by virtue of the statute which . . . expressly prescribes the conditions under which adoption may be legally effected." (*Matter of Cozza*, 163 Cal. 514, 522, [Ann. Cas. 1914A, 214, 126 Pac. 161, 164]; *Estate of Sharon*, 179 Cal. 447, 454, [177 Pac. 283].) Section 221 of the Civil Code provides that "Any minor child may be adopted by any adult person, in the cases and subject to the rules prescribed in this chapter." The remaining sections of the chapter prescribe the pro-

cedure and effect of adoption and certain limitations pertaining thereto, namely, that the person adopting must be at least ten years older than the person adopted and that consent must be given by the following persons: The husband or wife of the person adopting; the child, if over twelve years of age; the parents, with specified exceptions, if living, or certain officers of the institution if the child is in the custody of any of the designated institutions. It would seem to result from the provisions thus outlined that a minor child may be adopted even though he is, at the time of the adoption, in the custody of a guardian.

[2] Wherever possible, such a construction should be given adoption laws as will sustain, rather than defeat, the object they have in view. (*Estate of McKeag*, 141 Cal. 403, [99 Am. St. Rep. 80, 74 Pac. 1039].) The main purpose of adoption statutes is the promotion of the welfare of children, bereft of the benefits of the home and care of their real parents, by the legal recognition and regulation of the consummation of the closest conceivable counterpart of the relationship of parent and child. While a guardian of the person of a minor is charged with a high duty and serious responsibility in the care of his ward, nevertheless the status of guardian and ward falls short of the close approximation to the relationship of parent and child which is attainable through actual adoption culminating, as it does, in the child becoming a member, to all intents and purposes, of the family of the foster parents. The statutes in question should not, therefore, be construed so as to exclude an orphan in the custody of a guardian from the realization of the peculiar advantages to be derived from an adoption unless such construction be unavoidable.

[3] While the code sections above mentioned do not expressly refer to such a situation as is here presented, they do, in effect, by the generality of their language, authorize an adoption in such a case. They provide that *any minor child* may be adopted by *any adult person*, in the cases and subject to the limitations set forth in the chapter. The "cases" referred to are clearly those situations where the prescribed difference in ages exists and the requisite consent is obtainable. There is no attempt to limit the privilege of adoption according to the legal relationship of the minor and the person who has him in custody at the time of the

adoption proceedings. In view of the fact that adoption is sanctioned where the parents of the child are living and not disqualified from exercising their parental rights, there can be no reason for implying a restriction merely because there is a duly appointed and qualified guardian.

[4] Nor is the consent of such guardian necessary to the validity of the order of adoption. The matter of adoption rests almost entirely in the discretion of the court, the welfare of the child being the main consideration. (*Matter of Bewley,* 167 Cal. 8, [138 Pac. 689].) Since the adoption operates in derogation of the natural rights of the parents, the consent of the latter is, by statute, made indispensable, with certain clearly defined exceptions. (*Matter of Cozza, supra.*) [5] Where, however, the parents are not living or for some recognized reason their consent is unnecessary, and where the child has not been in the custody of any of the institutions mentioned in the statutes, no consent to the adoption is required by the statutes on behalf of the child, if under twelve, other than that of the court granting the adoption. Particularly must this be so when the child is in the custody of a guardian, for the minor is in reality "a ward of the court and the guardian is in effect an arm of the court and is subject to the control of the court in the discharge of his duties as such guardian. Such court has authority to control and direct the guardian in the performance of his trust so as to insure the proper care of the infant." (*Matter of Ross,* 6 Cal. App. 597, [92 Pac. 671].)

There is apparently no authority in this state upon this question of consent of a guardian and the cases in other jurisdictions vary, due, possibly, to differences in the statutes they interpret. In the case of *Leonard* v. *Honisfager,* 43 Ind. App. 607, [88 N. E. 91], interpreting statutes similar to the California statutes, consent of the guardian was held unnecessary. The court there said: "The statutory provisions on the subject give the legal guardian no right to interfere with this power of the court, and the courts will read no such right into the statute. While for many purposes the legal guardian of the child does stand in the place of the parent, the statute does not require his consent to give validity to an order of adoption of his ward."

[6] Appellant next advances the argument that, conceding that the guardian's consent is not essential to the validity of the adoption, nevertheless such an adoption does not, in and of itself, constitute a valid cause for the removal of the guardian. This contention is answered, we think, by subdivision 8 of section 253 of the Civil Code, which provides that a guardian may be removed by the superior court "When it is no longer proper that the ward should be under guardianship." The persons adopting the child acquire the paramount right to the custody of the child, for, after the adoption, they occupy the position of parents and shall "have all the rights and be subject to all the duties of that relation." (Civ. Code, sec. 228.) The right of parents to the care and custody of their child yields only for the most cogent and compelling reasons, to wit, in case the parents are shown by clear evidence not to be fit or proper persons to have such custody. (*Guardianship of Akers*, 184 Cal. 514, [194 Pac. 707]; *Ex parte Brown*, 98 Kan. 663, [159 Pac. 405].) In the instant case the evidence fully supports the finding of the court that the best interests of the child would be subserved by residing with the adopting parents. Since the latter have acquired superior rights to the custody of the child, the reasons for the existence of a guardianship of the person of the child have ceased and the continuation thereof is no longer appropriate or "proper." (*Matter of Schwartz*, 171 Cal. 633, [154 Pac. 304].)

[7] The power of the court to make the order placing the custody of the child in the adopting parents, and, at the same time, permit the guardian to continue to act as guardian of the child's estate cannot, we think, be seriously questioned. Doubtless, in the opinion of the court below, it was desirable that the property of the six brothers and sisters remain under the control of one person, and there is nothing anomalous in a situation wherein the custody of the person of a minor is in the parents and that of his estate is in a guardian. We think the court below had power to create this situation if in the exercise of a sound discretion it found it proper to do so.

The order appealed from is affirmed.

Wilbur, J., Sloane, J., Olney, J., Angellotti, C. J., Shaw, J., and Lawlor, J., concurred.