209 Cal.App.2d 13 (1962)
Adoption of KLAUS DIETER BACKHAUS, a Minor. GLENN WHISLER et al., Petitioners and Appellants,
v.
DEPARTMENT OF SOCIAL WELFARE, Contestant and Respondent.
Civ. No. 121. 
California Court of Appeals. Fifth Dist. 
Oct. 24, 1962.
 Edwin W. Wilson for Petitioners and Appellants.
 Stanley Mosk, Attorney General, and Norman L. Epstein, Deputy Attorney General, for Contestant and Respondent.
 BROWN, J.
 This is an appeal from a summary judgment denying a petition for adoption and from an order granting the motion therefor. [1] The order is nonappealable and the attempted appeal therefrom must be dismissed (Hagan v. Fairfield, 204 Cal.App.2d 1 [21 Cal.Rptr. 923]; Chilson v. P. G. Industries, 174 Cal.App.2d 613 [344 P.2d 868]; Martelli v. Pollock, 162 Cal.App.2d 655 [328 P.2d 795]). We have concluded that the judgment must be reversed.
 Appellants Glen L. Whisler and Angela L. Whisler, petitioners below, are husband and wife, and reside in the County of Kern. Residing in their home with them at the time this controversy arose were a 9-month-old adopted female child and a 16-year-old niece of Mrs. Whisler. Petitioners initiated procedures for the adoption of a German born and domiciled male child, 2 years of age, and to secure his entrance into the United States for the purpose of adoption under former Adopted Orphans Immigration Law of the United States (8 U.S.C. 1205, repealed by Public Law 87-301, 24(a)(2), effective September 26, 1961; now incorporated in the Immigration and Nationality Act (8 U.S.C. 1101(b)(1)(6) and 8 U.S.C. 1155(b)). In relevant part, the federal law creates an exception to the immigrant quota laws of this country and provides a method for conferring nonquota status on foreign-born children who may be brought to the United States for the purpose of adoption by its citizens. As applicable here, section 1101(b)(6) defines an "eligible" orphan as an alien child, under the age of 14 years, who has only one parent, incapable of providing care and that parent has in writing irrevocably released him for immigration and adoption. By section 1155(b) it is provided that the Attorney General of the United States must be satisfied that the adopting parents will properly care for the child and that they "have complied with the preadoption requirements, if any, of the state of such child's proposed residence."
 Complementing the federal law, the California Legislature delegated to the Department of Social Welfare the duty to investigate homes of persons applying to adopt foreign-born children and appropriated funds therefor (Stats. 1959, ch. 2050, p. 4745).
 The record discloses that the child who is the subject of *16 this controversy was born out of wedlock in Karlsruhe, in the Federal Republic of Germany, on May 3, 1959. By operation of the German Youth Welfare Law of 1922, as amended in 1953, the Jugendamt (Juvenile Authority) becomes the official guardian of illegitimate children born in Germany. All proper steps having been taken, the child has been since birth and still is the official ward of the Jugendamt and has been cared for in St. Anthony Home in Karlsruhe. The consents of the Jugendamt and of a German court are prerequisites to adoption of the child under German law. It is conceded that those consents have not yet been obtained. A consent of the mother of the child, satisfactory in form to the German law and to the law of California, has been given.
 Pursuant to the duty imposed by California law, the Department of Social Welfare, hereinafter referred to as Department, investigated the suitability of the petitioners' home and made an unfavorable recommendation to the federal authorities which precluded entrance of the child into the United States under the exception to the federal immigration quota law.
 Petitioners then filed with the Superior Court of Kern County, in which county they reside, a petition seeking a decree of adoption. The Department filed in that proceeding an unfavorable report and adverse recommendation. Petitioners then filed a petition seeking a judicial review of, and an appeal from, the adverse report and a notice of motion to strike alleged extraneous matter contained therein. The Department then noticed for hearing a motion for summary judgment or, in the alternative, an order suspending proceedings upon the grounds that:
 "(1) There is no jurisdiction to proceed on the merits of the instant petition for adoption, since (a) there is no jurisdiction over the subject of the petition; (b) the subject child is not free for adoption; and (c) the California Adoption Law contemplates a single, final decision; and (2) The requisite in section 227 of the Civil Code that a child proposed to be adopted must appear before the court cannot be satisfied at the present time."
 Upon hearing, the court granted the motion for summary judgment and entered its judgment denying the adoption, predicated upon the conclusion that any further proceedings in the adoption matter "would be in excess of jurisdiction and in violation of applicable statutory provisions." Petitioners brought this appeal. *17
 The principal question to be answered by this court is whether the trial court erred in determining that it lacked jurisdiction at this stage of the proceeding.
 The briefs present numerous arguments relating to jurisdiction of the court, or lack thereof, to grant a decree of adoption affecting the status of a child born, domiciled, and physically residing in Germany who cannot now appear in court and whose official guardian, an arm of a foreign nation, has not yet consented to the adoption, and cite statutory and case authority in support thereof. Arguments presaging a failure to meet all legal preadoption requirements at the time of final hearing of the petition for adoption are inapplicable to the problem before us. It must be remembered that petitioners are not now seeking a hearing for the purpose of procuring a decree of adoption; they are not, as the Department suggests, vainly seeking a review by a state court of an unfavorable report rendered pursuant to the federal immigration law; they are seeking only a judicial review of an unfavorable departmental report which was filed in adoption proceedings then pending in a California court.
 The Department urges, in support of the judgment, that an independent inquiry by the court into the suitability of petitioners' home by the court relates to the merits of the petition for adoption; that the court lacks jurisdiction to make any decision on the merits since the jurisdictional prerequisites to hearing the petition are lacking, i.e., the child may not appear before the court and certain consents which it claims are necessary to adoption by petitioners have not as yet been obtained. Restated briefly, the Department's position is that judicial review of an unfavorable report made by one of its employees is an integral, inseparable part of hearing on the merits of the adoption petition. The position is unsound.
 [2] Adoption proceedings are wholly statutory (Estate of Pierce, 32 Cal.2d 265, 268 [196 P.2d 1]; In re Santos, 185 Cal. 127, 129 [195 P. 1055]). The adoption statutes must be looked to as to the proceedings by which the adoption is to be effected (1 Am.Jur. (1st ed.) Adoption of Children, 25). The general rule of statutory construction that statutes in derogation of the common law are to be strictly construed (Thompson v. Thompson, 218 U.S. 611 [31 S.Ct. 111, 54 L.Ed 1180, 30 L.R.A. N.S. 1153]; Crawford, Statutory Construction, 265) does not obtain in this state as to the provisions of the adoption statutes. The statutes governing adoption are *18 found in the Civil Code, and section 4 of that code provides:
 "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions are to be liberally construed with a view to effect its objects and to promote justice."
 The philosophy there expressed has been carried into the decisional law of this state. In Adoption of Barnett, 54 Cal.2d 370 [6 Cal.Rptr. 562, 354 P.2d 18], our Supreme Court approved the rule of liberal construction of adoption statutes and expressly disapproved prior cases which adhered to the common law rule of strict construction. [3] Pertinent language is found at page 377 where the court quotes a statement taken from In re Santos, supra, 185 Cal. 127, 130:
 "Whenever possible, such a construction should be given adoption laws as will sustain, rather than defeat, the object they have in view. The main purpose of adoption statutes is the promotion of the welfare of children, bereft of the benefits of the home and care of their real parents, by the legal recognition and regulation of the consummation of the closest conceivable counterpart of the relationship of parent and child."
 We are here concerned with the statutes as they existed at the time the court made its order granting summary judgment, prior to the effective date of the 1961 amendments. The first paragraph of section 226 of the Civil Code provides, in relevant part, that any person desiring to adopt a child may petition the superior court of the county in which the petitioner resides. Such a petition was properly filed in this case. [4] The filing of the petition invokes action of the court. The adoption is effected by the decree of the court. (1 Am.Jur. (1st ed.) Adoption of Children, 30.)
 The third paragraph of that section imposes upon the Department, in an independent adoption, which this is, the duty to "ascertain whether the child is a proper subject for adoption and whether the proposed home is suitable for the child, prior to filing report with the court." By paragraph five of that section the Department is under a duty to "submit to the court a full report of the facts disclosed by its inquiry with a recommendation regarding the granting of the petition." Paragraph seven of the same section provides that, if the findings of the Department are unfavorable and its recommendation is that the petition be denied, the county *19 clerk shall immediately refer the report to the superior court for review.
 [5] Neither section 226 nor any other statute governing adoption proceedings require that all of the statutory prerequisites to an effective adoption decree be satisfied at the time of such review. Nowhere in those statutes can be found a requirement that judicial review must be made as a part of, or concurrently with, a hearing held for the purpose of considering an adoption decree. [6] Rather, the statute is plain and unambiguous in its terms. It confers upon the superior court the power to review an unfavorable report immediately after its receipt by the county clerk. [7] But three prerequisites to the court's jurisdiction to review are contemplated: (1) there must be a petition for a decree of adoption on file with the superior court of the county in which the petitioners reside; (2) the department must have conducted its investigation and filed its report and recommendation with the county clerk; and (3) the report and recommendation must be unfavorable to the petitioners. All three elements concur in the case under consideration.
 We cannot ingraft upon paragraph seven of section 226 the additional requirements that, at the time of judicial review, all consents required by the adoption statutes or by foreign law must have been obtained and the child must appear in court. We cannot supplement that paragraph by adding a provision that such review be made only at the time of, or as a part of, the hearing on the petition for adoption. [8] Nor are we disposed to do so for we have no doubt that the Legislature intended judicial review of an unfavorable report to be a separate and distinct function of the court which may, but need not, be considered contemporaneously with the adoption petition.
 The courts of this state have evinced a concern to further the spirit and purpose of adoption and have been loath to place a restriction or limitation upon the meaning of the Legislature which the statutory language will not support.
 In Adoption of McDonald, 43 Cal.2d 447 [274 P.2d 860], the contention was made that the consent of a licensed adoption agency, to which the subject child had been relinquished, was a jurisdictional prerequisite to an adoption decree. The Supreme Court, in an exhaustive and well-reasoned opinion, rejected the contention on the basis that the adoption statutes as they then stood did not require such consent.
 And in In re Kitchens, 116 Cal.App.2d 254 [253 P.2d 690], *20 it was held that the consent of the Department of Social Welfare was a prerequisite to the decree allowing the adoption of a child which had been relinquished to the Department. In Adoption of McDonald, supra, p. 458, the court said:
 "In re Kitchens, 116 Cal.App.2d 254 [253 P.2d 690], on which appellant relies, reads into the statute matters that are not there and fails to give effect to express provisions that are there. It would divest the superior court of jurisdiction and responsibility expressly given it by the statute and is therefore disapproved."
 That statement is peculiarly fitted to the question before us. To accede to the Department's position in this matter would require us to read into the statute restrictions or limitations which, as we have pointed out, are not there, and to divest the superior court of jurisdiction and responsibility to review an unfavorable departmental report as an independent and separate step in adoption procedure, when that jurisdiction is expressly given by the statute.
 We are not required to, and will not, now indulge in speculation or conjecture as to whether the child can, or will, be brought to California under the nonquota status exception to the federal immigration law, or whether consents necessary to a legal adoption can, or will, be obtained. We here decide only that the court below has jurisdiction conferred by statute to review the Department's report and make its own independent determination of the suitability of the home of petitioners for this adoption.
 The conclusion which we have reached effectively disposes of all contentions made by petitioners. However, we shall comment briefly on their contention that summary judgment procedure is not applicable to adoption proceedings. The answer is found in section 437c of the Code of Civil Procedure, which authorizes summary judgment. [9] Prior to 1953 the area of permitted use of a motion for summary judgment was limited by the terms of that section to a narrow specified class of actions. By amendment in that year the scope of the action was expanded to include "any kind of action," and the word "action" was defined to include "all types of proceedings." The statutory definition embraces adoption proceedings.
 The purported appeal from the order granting the motion for summary judgment is dismissed. The judgment is reversed.
 Conley, P. J., and Stone, J., concurred.