[Civ. No. 12014. Third Dist. Jan. 21, 1969.]

Adoption of JAMES RUNYON, a Minor. CLIFFORD CAL-
LAHAN et al., Plaintiffs and Appellants, v. SACRA-
MENTO COUNTY DEPARTMENT OF SOCIAL WEL-
FARE, Defendant and Respondent.

DeCristoforo & DeCristoforo and Daniel J. Sullivan for Plaintiffs and Appellants.

John B. Heinrich, County Counsel, and Robert Galgani, Deputy County Counsel, for Defendant and Respondent.

BRAY, J.*—Appeal from judgment dismissing the petition of Clifford and Dorothy Callahan for the adoption of James Runyon, also known as Tony Callahan, a minor.

## Question Presented

Is section 224n of the Civil Code depriving the superior court of jurisdiction to entertain a petition for adoption by foster parents constitutional?

## Record

James Runyon, also known as Tony Callahan, a minor, was born on August 17, 1959, and validly relinquished immediately thereafter to the Sacramento County Social Welfare Department. He was placed in the home of the Callahans as a foster child for observation and care and not for adoption on August 20. Three weeks later a representative of the welfare department informed the Callahans that the minor had an enlarged heart with a hole in it. They were given the option to return him or to continue caring for him. They chose to retain him and saw him through heart surgery. The welfare department had informed petitioners prior to the surgery that the child was not adoptable.

In 1967 the welfare department removed Tony from the Callahans' home and placed him in the home of prospective adoptive parents. Shortly thereafter, the Callahans filed a petition for his adoption in the Sacramento County Superior Court. A motion filed by the welfare department to dismiss their petition was granted by the court, concluding that sec-

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

tion 224n of the Civil Code barred the Callahans from adopting Tony. Judgment was entered accordingly. Petitioners appeal.

In the meantime, the Department of Social Welfare of the County of Sacramento approved a petition for adoption of Tony by prospective adoptive parents in San Joaquin County. On August 2, 1968, the superior court of that county granted the petition. No appeal has been taken from that decree of adoption.

Section 224n provides in pertinent part: "No petition may be filed to adopt a child relinquished to a licensed adoption agency except by the prospective adoptive parents with whom the child has been placed for adoption by the adoption agency." This inhibition is clear. "[T]he procedure for adoption, unknown at common law, is entirely statutory." (*Adoption of McDonald* (1954) 43 Cal.2d 447, 452 [274 P.2d 860].) The section shows that it is the intention of the Legislature that where a parent or parents place a child with an adoption agency only the prospective parents selected by the agency may adopt that child. Section 224n does not apply to independent adoptions; that is, where the child is placed for adoption by a parent or parents independently of a licensed adoption agency. While this section prevents a court from decreeing adoption of an adoption agency child other than as specified, it, of course, does not deprive the court of denying adoption by the chosen adoptive parents if the court finds them to be unfit.

Petitioners make the bald assertion that the Legislature did not intend to deprive the superior court of authority to entertain a petition for adoption of an adoption agency minor by other than agency selectees. However, petitioners fail to offer any authority or reason for that statement despite the plain and clear language of 224n. They cite *Adoption of McDonnell* (1947) 77 Cal.App.2d 805 [176 P.2d 778], which dealt with the right of parents to withdraw their consent to the adoption of their child prior to the adoption taking place. It obviously is not in point, inasmuch as the portion of section 224n with which we are dealing did not become a part of the section until the amendment of 1955 and no question of adoption agency selectee appears in the case.

They also cite *Adoption of Barnett* (1960) 54 Cal.2d 370 [6 Cal.Rptr. 562, 354 P.2d 18]. Section 224n was not involved, nor was the child placed with the adoption agency for adoption. The questions were whether the consent to the adoption

given to the adopting parents by the mother met the statutory requirements and whether the court could overrule a regulation of the agency opposing the adoption of a child by a single parent. Nor is *Adoption of Backhaus* (1962) 209 Cal. App.2d 13 [25 Cal.Rptr. 581], applicable. There the question was whether the court had jurisdiction to review the adverse report of the Department of Social Welfare in an adoption proceeding filed by persons who had the written consent of the child's mother. Section 224n was not involved.

Petitioners contend that section 224n is unconstitutional because in denying them as foster parents the right to adopt an agency child, they are being denied the equal protection of the law and due process.

" 'There is no constitutional requirement of uniform treatment but only that there be a reasonable basis for each classification.' . . . [A] wide discretion is vested in the Legislature in making the classification and every presumption is in favor of the validity of the statute." (*Eye Dog Foundation* v. *State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 549 [63 Cal.Rptr. 21, 432 P.2d 717].)

The provision in section 224n which prohibits anyone but the prospective adoptive parents selected by the adoption agency from adopting a child relinquished to such agency is a reasonable one. The agency should be free to make a determination of the suitability of a home for the child relinquished to its care, otherwise the section would be frustrated. To allow persons not approved by the agency as prospective adoptive parents to file petitions for adoption would frustrate the purposes of the adopting agencies and subject the child to an indefinite status, keeping him from a permanent home pending litigation that could result.

As pointed out in both *Guardianship of Henwood* (1958) 49 Cal.2d 639 [320 P.2d 1], and *Adoption of Graham* (1962) 58 Cal.2d 899 [27 Cal.Rptr. 163, 377 P.2d 275], the legislative scheme for the placement of relinquished children should progress unhampered by extrinsic matters and with assurance that proper proceedings may consummate a valid adoption.

In view of our determination that section 224n is constitutional, we deem it unnecessary to determine respondent's contention that by reason of the San Joaquin County adoption decree this proceeding has become moot.

The judgment is affirmed.

Friedman, Acting P. J., and Janes, J., concurred.