[Civ. No. 34315. First Dist., Div. Four. Jan. 23, 1975.]

Adoption of DAVID KHAN AHMED et al., Minors.
PAUL ALAN ROSENDALL, Plaintiff and Respondent, v.
TAHIR AHMED, Defendant and Appellant.

**COUNSEL**

Brookman & Gayden and Donald K. Gayden for Defendant and Appellant.

Adams & Adams and Stephen Adams for Plaintiff and Respondent.

## OPINION

**CHRISTIAN, J.**—Tahir Ahmed appeals from a decree by which appellant's two natural sons were adopted by Paul Alan Rosendall, the boys' stepfather. The decree was granted despite appellant's opposition, the court having determined that appellant's consent was not required by reason of his failure to contribute to his sons' support for more than one year.

Appellant was divorced from the mother of the children in 1965, by a decree which awarded custody to the mother and directed appellant to pay a total of $150 per month child support. Appellant visited the boys from time to time as he was entitled to do under the decree, but these contacts were tense and infrequent and further visitation was finally refused by the boys.

On April 22, 1971, appellant wrote to the boys' mother stating, "I will not bother you with my visitation any more. If my boys ever grew up and wants to see me, I will visit them or they can come and visit me." With that letter appellant sent $30. In fact, he did thereafter visit sporadically until the boys refused further contact. Between July 31, 1971, and the filing of the petition for adoption on November 10, 1972, appellant made no contributions toward the support of the boys except one payment of $5 and two payments of $15. During the last year only $15 was paid.

Appellant testified that he had many financial obligations and that during the last year before the filing of the petition his earnings were about $550 per month except for certain periods of unemployment, when he drew benefits of $62 per week.

■ Appellant contends, citing *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 35], that Civil Code section 224 sets up an unconstitutional discrimination between parents in providing different standards for loss of parental rights by a father than by a mother. Under the statute, "after the custody of any child has, by any judicial decree, been given to the father, and the mother for a period of one year fails to communicate with such child when able to do so, or been given to the mother, and the father for a period of one year shall willfully fail to pay for the care, support and education of such child when able to do so, then the parent to whom custody has been given alone may consent to such adoption, . . . [F]ailure of [the] father to pay for the care, support and education of such child for . . . one year or

failure of [the] mother to communicate with such child for . . . one year is prima facie evidence that such failure was willful and without lawful excuse; . . ." The argument is that, under the Family Law Act, the Legislature has recognized equality of rights and obligations between parents of either sex; thus, either parent may be ordered in a decree of marital dissolution to support the minor children of the marriage (Civ. Code, § 4700). In that legislative context, it is contended that Civil Code section 224 denied equal protection* by making it possible to deprive a natural father of parental rights if he willfully fails to provide support for one year while the natural mother can preserve her parental rights by merely communicating with the children without contributing toward their support.

Analysis of appellant's equal protection claim commences with the recognition that appellant's rights as a parent are a "fundamental interest"; legislative classifications affecting such interests are to be strictly scrutinized to determine whether the classification is necessary in order to further a compelling interest promoted by the legislation. (*Sail'er Inn, Inc.* v. *Kirby, supra,* 5 Cal.3d 1, 16, quoting from *Westbrook* v. *Mihaly* (1970) 2 Cal.3d 765 [87 Cal.Rptr. 839, 471 P.2d 487].) The interest sought to be promoted by Civil Code section 224 is to facilitate the adoption of children who are "bereft of the benefits of the home and care of their real parents, . . ." (*Adoption of Barnett* (1960) 54 Cal.2d 370, 377 [6 Cal.Rptr. 562, 354 P.2d 18], quoting *In re Santos* (1921) 185 Cal. 127, 130 [195 P. 1055]; also see *San Diego County Dept. of Pub. Welfare* v. *Superior Court* (1972) 7 Cal.3d 1, 16 [101 Cal.Rptr. 541, 496 P.2d 453].)

In specifying the grounds for loss of the right of withholding consent to an adoption, the statute does differentiate between the father and the mother. Our experience in cases of this character is that when custody of small children has been awarded to their mother, differences in parental earning capacity usually lead the court to order the father to pay for the support of the children. On the other hand, it is not common for a mother to be deprived of custody and be ordered to pay her former husband for the support of the children. These realities have not been altered by the statutory provision (Civ. Code, § 4700, *supra*) which empowers the court to order either parent to pay child support. Although the child placed in the custody of the mother will in most cases benefit from paternal visitation and other communication, the father's obligation to pay for support is more pressing than his natural obligation to

---

*See United States Constitution, Fourteenth Amendment; California Constitution, article I, section 21.

communicate with his children in that (1) paternal support may be all that protects the child from destitution and (2) the obligation has been defined and imposed by a judicial decree. Where the obligation of support is not met by the natural father, the child has urgent need for an alternative provision, as by an adoption. Thus, Civil Code section 224 is in accord with the interests of children in need of adoption and is necessary to further the state's compelling interest in making adoptions possible in proper cases. (Cf. *In re Gary W.* (1971) 5 Cal.3d 296, 306 [96 Cal.Rptr. 1, 486 P.2d 1201].)

Given the realities of the job market, the failure of a mother, not having custody, to pay child support is not so likely to cause destitution of the children; at the same time, continued communication with the natural mother is normally to be desired even if custody has been placed with the father. We conclude that Civil Code section 224 does not unconstitutionally discriminate against appellant. The determination that appellant contributed only $15 to the support of his sons during the year preceding the filing of the petition for adoption is not disputed; the further determination that appellant's failure to provide support was "willful and without lawful excuse" is supported by the inference which is explicitly recognized by Civil Code section 224, as well as by the evidence.

Appellant contends that the evidence does not support the trial court's finding that the welfare of the children would be promoted by their adoption. But the trial court had before it all the parties; it also considered a report made by the probation department after an investigation. No basis is seen for disturbing the trial court's exercise of discretion. (See *Adoption of Thevenin* (1961) 189 Cal.App.2d 245, 251 [11 Cal.Rptr. 219].)

The order is affirmed.

Caldecott, P. J., and Rattigan, J., concurred.