[Civ. No. 2502. Fifth Dist. Jan. 30, 1976.]

ERNEST CAIN et al., Plaintiffs and Appellants, v.
ADOPTION AGENCY OF THE TULARE COUNTY WELFARE
DEPARTMENT et al., Defendants and Respondents.

1128

**COUNSEL**

Roger I. Stein for Plaintiffs and Appellants.

Calvin E. Baldwin, County Counsel, Clark F. Ide, Deputy County Counsel, Evelle J. Younger, Attorney General, Elizabeth Palmer, Assistant Attorney General, N. Eugene Hill, Edmund E. White and Joseph O. Egan, Deputy Attorneys General, for Defendants and Respondents.

**OPINION**

GARGANO, Acting P. J.—Appellants, Ernest Cain and Floella Cain, are husband and wife and the operators of a licensed foster home for minor children. Appellants appeal from a judgment of the Superior Court of Tulare County denying their petition for writ of mandate regarding their efforts to adopt the small child, Lisa H.; they sought to compel the Adoption Agency of Tulare County, hereafter referred to as respondent, to accept and to investigate thoroughly their application to adopt Lisa H. and, in the absence of good cause, to approve it. Briefly, appellants contend that the trial court should have granted their petition because the record shows, as a matter of law, that respondent violated the mandate of *Adoption of Michelle T.* (1975) 44 Cal.App.3d 699 [117 Cal.Rptr. 856], when it denied appellants the opportunity to present a specific application to adopt Lisa H. and to be considered as suitable adoptive parents for the child, for the sole reason that appellants were too old.

Lisa H. was born out of wedlock on March 21, 1971, of Mexican-American parents. A few months later the child was picked up by the Child Protective Services Division of the Tulare County Welfare Department because her mother was very young and showed little interest in the baby; Lisa was placed in the foster home operated by appellants.

On September 16, 1971, the baby was declared a dependent child of the juvenile court and placed in the custody of the Tulare County Welfare Department. When the mother continued to show disinterest in her daughter, Lisa was transferred to the custody and control of respondent. Thereafter, respondent obtained a written statement from Lisa's natural father, relinquishing the child for adoptive placement. Lisa's mother, however, refused to sign a similar statement, and respondent obtained a judgment and order in the Superior Court of Tulare County freeing the baby from the custody and control of the mother.

On October 30, 1973, respondent gave appellants written notice that it was going to remove Lisa from the foster home for placement in an adoptive home; the notice informed appellants that if they disagreed with the decision they could request, and would be given, an administrative hearing by respondent. Lisa had lived with appellants continuously from the time that she had been taken from her mother, and on several occasions prior to receiving the written notice of respondent's intention to remove Lisa from the foster home, appellants had made known their wishes to adopt the child; they were told that because of their ages any application that they might make for the adoption of the child would not be accepted for filing. Through an attorney, appellants requested the administrative hearing.

At the hearing it was not denied that appellants were very effective foster parents and that they took good care of children entrusted to them. Nor was it denied that if appellants had filed a specific application to adopt Lisa it would have been rejected primarily because of their ages; at the time of the hearing Ernest Cain was 66 years of age, and Floella Cain was 48 years old. Instead, evidence was presented to show that in placing children for adoption licensed adoption agencies consider, in addition to the age of the prospective adoptive parents, such factors as nationality and race, capacities and attitudes, personal relationships and personality, religion, education and environment. (See generally Cal. Admin. Code, tit. 22, § 30637.) Evidence also was presented to show that

if appellants had made a specific application to adopt Lisa it would have been rejected because they were not bilingual, they did not have a background in Mexican-American culture, and three young couples, who spoke Spanish and were familiar with Mexican-American culture, were willing and available to adopt the baby.

At the conclusion of the hearing the hearing officer upheld the decision to remove Lisa from her foster home for placement in an adoptive home. Then appellants sought and were given a second administrative hearing by a hearing officer appointed by the Director of the State Department of Health. At this hearing appellants, for the first time, presented a letter from a psychiatrist whose evaluations were predicated upon an interview he had with appellants subsequent to the first administrative hearing; the general tenor of the letter related to the possible trauma a child could endure if its parental environment were altered.

At the close of the second administrative hearing the hearing officer rendered a decision in favor of respondent; when the Director of Health concurred with the decision, appellants brought this proceeding for a writ of mandate pursuant to section 1094.5 of the Code of Civil Procedure.

Appellants persuasively argue that they were not considered suitable adoptive parents for the child Lisa primarily because they were too old; they insist that the writ should have issued because the real motivation behind respondent's conduct in preventing appellants from filing an application to adopt Lisa H. was appellants' ages. But in predicating their appeal upon this ground and in relying upon *Adoption of Michelle T., supra,* 44 Cal.App.3d 699, to urge reversal, appellants have confused an independent adoption with an agency adoption. They also have confused the rights of people in general to be considered as prospective adoptive parents by licensed adoption agencies with the right of a person to make a specific application for the adoption of a particular child which has been placed with an adoption agency for adoptive placement.

In an independent adoption, the child to be adopted is placed with the adoptive parents by the natural parent or parents, and it is incumbent upon the adoptive parents to institute proceedings in the superior court to adopt the child. (See 6 Witkin, Summary of Cal. Law (8th ed. 1974) Parent and Child, § 184, p. 4694; 5A Cal. Practice (1972) Adoption Proceedings, § 1373, p. 237; 1 Cal. Family Lawyer (Cont.Ed.

Bar 1961) Adoptions, § 19.2, p. 771.) Stated in another manner, in an independent adoption, the adoptive parents have gained custody of the minor child through their own resources and are seeking to retain custody through a formal adoption. It was in this context that the court in *Michelle T.* stated that age was not sufficient justification for the superior court to deny a petition for adoption where the record showed that apart from age the petitioning couple met every requirement necessary for adoption.

■ An agency adoption, on the other hand, is one where the child to be adopted is placed, either voluntarily by the parent or parents, or through court action, with a licensed adoption agency for adoptive placement. (See Civ. Code, § 224n; *Adoption of Runyon* (1969) 268 Cal.App.2d 918, 920 [74 Cal.Rptr. 514]; 6 Witkin, Summary of Cal. Law (8th ed. 1974) Parent and Child, §§ 184, 204, pp. 4694, 4709-4710; 5A Cal. Practice (1972) Adoption Proceedings, § 1418, pp. 299-301; 1 Cal. Family Lawyer (Cont.Ed.Bar 1961) Adoptions, § 19.3, p. 771.) In such adoptions, it is the responsibility of the agency to find suitable adoptive parents, and because the underlying consideration is the needs of the child (Cal. Admin. Code, tit. 22, §§ 30631, 30643), the agency must be left free to make its own determinations; in fact, no petition may be filed in the superior court to adopt a child which has been placed with a licensed adoption agency for adoptive placement except by the prospective adoptive parents with whom the child has been placed for adoption by the adoption agency (Civ. Code, § 224n). ■ Consequently, it is the policy of this state to require adoption agencies to accept only general applications for the adoption of children placed in their custody, and in the absence of special circumstances to reject a specific application to adopt a particular child; exceptions are made only when necessary to meet the needs of the child. (Cal. Admin. Code, tit. 22, § 30627, subd. (d).)

Returning to the case at bench, it is apparent that this is not a situation where prospective adoptive parents, who otherwise were qualified, were denied the right to make a general application with a licensed adoption agency for the adoption of a child on the sole ground that they were too old; had this occurred, arguably the *Michelle T.* rule would have been applicable. Nor is this a case in which prospective adoptive parents were seeking to adopt a child that had been placed in their custody and relinquished to them by the natural parents. Here, appellants were seeking to adopt a specific child who had been placed in respondent's custody and control, and while it may be true that appellants were

discouraged from making an application because of their ages, it was still incumbent upon appellants at the administrative hearings to prove that Lisa's needs and best interests would have been subserved had appellants been given the opportunity to adopt the child.

■ The relevant question in this appeal is not whether appellants were denied the right to make a specific application to adopt Lisa H. for the sole reason that they were too old; it is whether there is substantial evidence in the record to support an implied finding that the needs of Lisa will be better served by her removal from appellants' foster home and by her placement in the home of other prospective adoptive parents.

We have concluded that the answer to this question is in the affirmative. As far as the record shows, Lisa was living with appellants and other children in a foster home atmosphere; evidence was presented at the administrative hearing that the trauma to a young child of three years of age in having its parental environment altered was at most minimal; appellants were not only elderly from the standpoint of adopting a young child, but their background and ancestry were different from that of the child's natural parents; at the time of the administrative hearings three young couples, who either had a Mexican-American ethnic background or were acquainted intimately with the Mexican-American culture, were ready to adopt Lisa.

Appellants suggest that the trauma which could result from a child's separation from its home environment was sufficient justification for the filing of a specific application. They rely upon the letter written by the psychiatrist with whom they consulted after the first administrative hearing.

We recognize that the continuity of the environment and the trauma to a young child caused by separation from its established home are matters of serious consideration in adoption cases. (*Adoption of Michelle T.*, *supra*, 44 Cal.App.3d 699, 706.) However, in his letter, the psychiatrist was speaking in generalities; he did not attempt to discuss the possible benefits that could ensue to Lisa if she were placed with a young couple familiar with Mexican-American culture. In fact, it is quite evident from a reading of the letter that the psychiatrist was unaware of the alternatives and did not consider them. Clearly, the letter did not, as a matter of law, prove that Lisa's welfare was in jeopardy unless appellants were given the opportunity to file a specific application to adopt that child.

While we have no alternative but to affirm the judgment, we note that Lisa now is almost five years old and still is living with appellants in the foster home; she has lived with appellants almost her entire life. It is very possible that if given the opportunity to submit a specific application, appellants can present decisive evidence to prove that the child's needs will best be served if appellants are given the opportunity to adopt her. We see no impediment against appellants presenting such a specific application. On the contrary, because the ultimate consideration is, and always should be, Lisa's welfare and best interests, there is no reason why the application, if made, should not be considered carefully by respondent in light of the present circumstances. And because by now appellants may have acquired the status of de facto parents (*In re B.G.* (1974) 11 Cal.3d 679, 692-693 [114 Cal.Rptr. 444, 523 P.2d 244]), if their application is denied they again would be entitled to full administrative and judicial review.

The judgment is affirmed.

Franson, J., and Thompson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.